1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PETERS & FREEDMAN, | Case No: 21cv1251 DMS (DEB) |
| Debtor. | Bankruptcy No. 21-00646-LA7 |
| DAVID M. PETERS, | **ORDER DENYING APPEAL OF BANKRUPTCY SANCTIONS AGAINST APPELLANT** |
| Appellant, | |
| v. | |
| ZACHARY R. SMITH; JAMES R. MCCORMICK; KYLE E. LAKIN; CHRISTINA BAINE DEJARDIN, | |
| Appellees. | |

David M. Peters ("Appellant") appeals the United States Bankruptcy Court's Order on Motion for Sanctions Under Federal Rules of Bankruptcy Procedure 9011 for Frivolous and Improper Petition and Bad Faith Conduct ("Sanctions Order"). In the Sanctions Order, the Bankruptcy Court granted sanctions against Appellant in the amount of $137,114.61. This Court has jurisdiction to review a Bankruptcy Court's sanctions award under 28 U.S.C. § 158(a) and reviews a Bankruptcy Court's imposition of Rule 9011 sanctions for abuse of discretion. *In re Cuevas*, 738 F. App'x 418, 419-20 (9th Cir. 2018); *In re Rainbow Mag.,*

1  *Inc.*, 77 F.3d 278, 283 (9th Cir. 1996).  For the reasons stated below, the Court dismisses
2  the appeal for Appellant's failure to provide an adequate record and comply with Federal
3  Rule of Appellate Procedure 10(b)(2).  However, to the extent the record permits review,
4  the Bankruptcy Court did not abuse its discretion.

## I.

## BACKGROUND

Peters & Freedman, LLP ("Partnership") was a law practice and limited liability partnership representing homeowners' associations consisting of five partners: Zachary R. Smith, James R. McCormick, Jr., Kyle E. Lakin, and Christina Baine DeJardin ("Appellees"), and Appellant.  Appellees had been majority partners comprising 54% of the Partnership and the Partnership was governed by a written partnership agreement containing an agreement to arbitrate.  Appellees' Brief 1, ECF No. 8; Appellant's Reply Brief, Ex. 3, ECF No. 13.  In October and November 2018, Appellees sought to dissolve the Partnership and successfully obtained an injunction to preserve and protect the Partnership's assets pending arbitration and the Partnership's winding up.  Appellees' Brief 2-3, ECF No. 8. The Superior Court in the dissolution action appointed Judge William McCurine to serve as Arbitrator and Referee ("Arbitrator" or "Judge McCurine") in the matter.

Two events occurred after Judge McCurine's appointment, which are central to both parties' arguments on appeal:

(1) Judge McCurine issued a ruling on September 1, 2020, which contained the following language: "No party can take any action on behalf of, or in the name of, the dissolved Partnership without written authority from the Arbitrator/Referee," and "No party may do anything that would undermine, thwart or interfere with the winding up of the now dissolved Partnership" ("Bar Order"); and

(2) Appellees terminated the Partnership's status as an LLP with the California Secretary of State on October 29, 2018.

Appellant's Brief 8-9, ECF No. 7; Appellees' Appendix of the Record, Ex. 4, Part 3 of 3,

AA 0823, ECF No. 9; Appellees' Brief 4, ECF No. 8.

Appellees contend the termination was inadvertent, leading them to re-register the entity as a partnership shortly thereafter on or around February 11, 2021.  Appellees' Brief 11, 16-17, ECF No. 8.  Appellant contends the termination caused the entity to cease to exist as the Partnership originally subject to the Bar Order, thereby granting him authority as a General Partner to file the underlying Chapter 7 bankruptcy petition on February 23, 2021.  Appellant's argument is unconvincing.

Appellees point out the curious timing of Appellant's bankruptcy petition. The petition was filed on the morning of a hearing regarding a motion for terminating sanctions against Appellant due to Appellant's alleged intentional destruction of evidence, the day before Appellant was scheduled for deposition, and in the face of an approaching multi-day hearing in the arbitration—all of which were delayed by the bankruptcy petition.  Appellees' Brief 17-18, ECF No. 8.  The Bankruptcy Court considered the parties' arguments, dismissed the bankruptcy petition on April 15, 2021, and granted Appellees' Motion for Sanctions under Federal Rule of Bankruptcy Procedure 9011 for Frivolous and Improper Petition and Bad Faith Conduct on September 21, 2021.  Appellees' Appendix of the Record, Ex. 14, 35, ECF No. 9.

## II.

## DISCUSSION

### A. Appellant Failed To Comply With Federal Rule of Appellate Procedure 10(b)(2).

This Court limits its review to examination of the record on appeal, and Appellant carries the burden of providing an adequate record for review. *Syncom Cap. Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); *In re Darcomm Supply, Inc.*, 2012 WL 603720, at *4 (B.A.P. 9th Cir. Feb. 3, 2012).  Federal Rule of Appellate Procedure 10(b)(2) instructs:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

Failure to provide an adequate record may preclude review of alleged errors because a court cannot merely rule based on conjecture regarding what a record may or may not show.  *See id*; *see also In re Ashley*, 903 F.2d 599, 606 (9th Cir. 1990).

Appellant had the opportunity to demonstrate support for his claims by supplying a clear record, but he neglected to do so.  Instead, Appellees filled large gaps with an extensive record of appendices.  Nonetheless, the Court still lacks certain pertinent documents and additional information, such as nearly all briefing underlying Appellant's arguments regarding an Arbitrator's and Superior Court's sanctions awards and the Superior Court's determination of Appellant as a vexatious litigant in related actions.  Appellant's Brief 7-12, ECF No. 7.  Without these additional materials, the Court cannot determine whether the Bankruptcy Court erred in its factual findings so as to constitute an abuse of discretion.

The docket reflects that Appellant may have designated a record on appeal, but either because Appellant submitted this designation beyond the required 14 days following his notice of appeal as required under Federal Rule of Appellate Procedure 10(b)(1), or for another reason unbeknownst to this Court, the Transmittal of Perfected Record on Appeal states: "No transcript(s) were designated by either the Appellant or Appellee in the above matter." ECF No. 4.  Electronically notified and cognizant of the lack of transmittal, parties then assumed the responsibility for furnishing an adequate record for review.

Notwithstanding this responsibility, Appellant appended a total of two exhibits to his opening brief: (1) a signature page containing signatures of Appellees to dissolve Peters & Freedman, LLP, dated October 23, 2018, and (2) a Limited Liability Partnership application to the State Bar of California for Peters & Freedman LLP, dated April 20, 2021.  Presumably, Appellant provided these two documents as supporting evidence for his argument that his bankruptcy petition was meritorious—the Partnership in dissolution was no longer an LLP subject to ongoing arbitration proceedings or the Arbitrator's Bar Order.  Appellant submitted his opening brief and two exhibits five days late.  Appellant then submitted seventeen additional exhibits as appendices to a supplemental reply brief four days late.  These seventeen exhibits also do not adequately address Appellant's claims.

In contrast, recognizing that no records had been furnished, Appellees prepared and submitted six volumes of exhibits, consisting of 39 exhibits and including more than 2,300 pages, as appendices to their answering brief, which was timely filed. Appellees' Appendix of the Record, ECF No. 9. Appellees' exhibits provided additional context surrounding Appellant's bankruptcy petition and the Bankruptcy Court's sanctions award, but also were insufficient to properly evaluate Appellant's claims regarding the Bankruptcy Court's consideration of prior sanctions awards or vexatious litigation determinations. In sum, Appellant failed to meet his burden to comply with Federal Rule of Appellate Procedure 10(b)(2).

**B. To The Extent The Record Permits Review, The Bankruptcy Court Did Not Abuse Its Discretion.**

To the extent the record permits review, the Bankruptcy Court did not abuse its discretion in granting Appellees' motion for sanctions. The Court extends great deference to a Bankruptcy Court's factual findings underlying a sanctions award and reviews those factual findings for clear error. *In re Seare*, 515 B.R. 599, 614–15 (B.A.P. 9th Cir. 2014) (a bankruptcy court abuses its discretion if a factual finding is clearly erroneous, or in other words, "illogical, implausible or without support in the record"). Appellant claims the Bankruptcy Court committed the following missteps:

(1)  The Bankruptcy Court erred when it ruled the debtor was a registered limited liability partnership in its ruling.

(2)  The Bankruptcy Court erred by treating interlocutory rulings of a referee or arbitrator as if they were final state court orders.

(3)  The Bankruptcy Court unduly prejudiced Appellant by considering other purported sanctions against Appellant and other purported determinations of Appellant as a "vexatious litigant" in state court in the process of determining its own sanctions award against Appellant.

Appellant's Brief 3, ECF No. 7.  Based on the exhibits provided, the Bankruptcy Court's conclusions on all three topics appear logical, plausible, and adequately supported by the record.

First, the record furnished by both parties supports the notion that the termination of the Partnership's LLP status was inadvertent.  Appellant does not directly contest this inadvertence but argues that whether the termination was accidental is "not relevant." Appellant's Brief 10, ECF No. 7.  Appellant also quibbles over whether a new entity was created or the old entity was reinstated when Appellees rectified the termination.  Judge McCurine clearly explained the circumstances surrounding the filing of Form LLP-4, Notice of Change of Status of a Limited Liability Partnership, as integral to the communication with the California Secretary of State that the Partnership had dissolved. *See* Appellant's Reply Brief, Ex. 1, ECF No. 13; *see also* Referee's Report and Recommendation that the Court Issue An Order Reinstating Peters & Freedman, LLP to Active Status, Appellees' Appendix of the Record, Ex. 4, Part 3 of 3, AA 0870, ECF No. 9. Appellant also omits reference to a February 11, 2021 e-mail from the California Secretary of State to Joshua Waldman confirming, "[T]he entity has been reinstated," pursuant to the Superior Court's Order instructing the same.  Appellees' Appendix of the Record, Ex. 4, Part 3 of 3, AA 0880, ECF No. 9.

The Bankruptcy Court did not err in its interpretation of the facts at hand and correctly determined that the bankruptcy filing was unauthorized.  *See* Appellees' Appendix of the Record, Ex. 34, ECF No. 9.  Apart from Appellant's general and unsupported allegation of fraud, the record on appeal contains neither a hearing transcript nor briefing which offers any credible explanation regarding Appellees' termination then reinstatement of the Partnership, if not for inadvertence.  A filing mistake does not provide authority to Appellant to proceed in the manner he has here.   Appellant does not provide any relevant authority to support his arguments otherwise.

Furthermore, the Debtor identified in Appellant's bankruptcy petition was essentially the same entity at the subject of the dissolution action and governed by the existing Bar

Order: "With a few exceptions, the petition and schedules list[ed] the exact same assets, liabilities, partners, name, address, and EIN number as Peters & Freedman, LLP," and "the 'creditors' [we]re the same as those being paid in the dissolution proceeding/Arbitration, except for Peters' $7.358 million claim for services/goods and a few nominal creditors." Appellees' Appendix of the Record, Ex. 34, ECF No. 9.  Appellant does not contest this overlap, which suggests Appellant recognizes that his argument is one of form only, and not substance.  Had Appellant acted in good faith, he would have inquired of Appellees and Judge McCurine, as directed by the Bar Order, before filing the underlying bankruptcy petition.

Additionally, the Bankruptcy Court appropriately considered the timing of Appellant's bankruptcy petition to be strategic and for an improper purpose.  Appellant filed the bankruptcy petition on the morning of a hearing on Appellees' Motion for Terminating Sanctions against Appellant due to Appellant's alleged intentional destruction of critical evidence; the day before a scheduled deposition of Appellant; and less than two weeks before a scheduled multi-day hearing in the arbitration.  Appellees' Brief 17-18, ECF No. 8.  Appellant's bankruptcy petition delayed all three events and Appellant does not challenge the Bankruptcy Court's findings that he filed the petition for an improper purpose, so the Court accepts this motivation as true.  *See In re Gillespie*, 516 B.R. 586, 593 (B.A.P. 9th Cir. 2014) (a bankruptcy court's findings challenged by neither party on appeal are accepted as true).

As for Appellant's second claim, this Court declines to consider the appropriateness of Judge McCurine's Bar Order.  The relevant question is whether the Bankruptcy Court properly considered the Bar Order and Appellant's conduct in light of Judge McCurine's explicit instruction to obtain written authority from the Arbitrator before taking any action on behalf of the Partnership.  In its Written Decision, the Bankruptcy Court expounded at length about the circumstances surrounding not only the Bar Order, but also about ongoing arbitration and dissolution proceedings more generally.  Appellees' Appendix of the Record, Ex. 34, ECF No. 9.  Appellant initially agreed to arbitrate, agreed to appoint Judge

McCurine as Arbitrator and Referee in winding up the partnership, and agreed to the Bar Order.  Appellant does not offer any evidence to challenge these factual findings.  Further, Appellant fails to provide any authority that a Bankruptcy Court may not consider interlocutory orders or state court orders in determining sanctions.  The Bankruptcy Court properly considered Appellant's prior stipulations and his failure to abide by them in filing an unauthorized bankruptcy petition.

Finally, due to Appellant's failure to provide an adequate record, the Court is unable to determine whether Appellant was unduly prejudiced by the Bankruptcy Court's consideration of other purported sanctions against Appellant or his status as a "vexatious litigant" in a prior state court ruling.  Appellant and Appellees spar over the interpretation of various orders from November 2020, in which the Arbitrator and Superior Court granted sanctions against Appellant.  Appellant's Brief 12, ECF No. 7; Appellees' Brief 4, ECF No. 8.  Appellees provided Judge McCurine's November 20, 2020 Omnibus Order Following November 5, 2020 Hearing and the Superior Court's November 30, 2020 Minute Order.  Appellees' Appendix of the Record, Ex. 4, Part 3 of 3, AA0781, AA0856, ECF No. 9.  Appellant provided, albeit late, Judge McCurine's November 20, 2020 Revised Omnibus Order Following November 5, 2020 Hearing and the Superior Court's November 20, 2020 Notice of Ruling by Arbitrator and Referee Judge McCurine (Ret.) Following November 5, 2020 Hearing.  Appellant's Reply Brief, Ex. 5, ECF No. 13.

None of the exhibits supports Appellant's claims.  In addition, Appellant neither submitted any filings in which he had contested additional sanctions nor any evidence to illustrate that Appellees had filed what he references as "the November 20, 2020, Interim Order" as "a Notice of Ruling in two (2) separate Superior Courts timed to be used for the Vexatious Litigant hearing."   Appellant's Brief 12, ECF No. 7.

Though the record does not clarify the context surrounding the Superior Court's consideration of Appellant as a vexatious litigant, Appellant concedes that a state court has previously designated him as a vexatious litigant.  In his opening brief, Appellant further concedes that his "fail[ure] to understand the application of the Interim Rulings and Orders"

underlying the vexatious litigant finding "is not a valid excuse." Appellant's Brief 12, ECF No. 7. Yet, Appellant offers no basis for his argument that such determination should be precluded from the Bankruptcy Court's determination of sanctions. He also claims, without providing authority or adequate factual context, that a "claimed second Vexatious Litigant finding" by a state court does not meet the "smell test." *Id*. Accepting Appellant's concession that he was properly considered a vexatious litigant, the Bankruptcy Court's consideration of his prior conduct was not prejudicial.

Most importantly, the Bankruptcy Court found that Appellant's petition was "an egregious abuse of the bankruptcy system," "not objectively reasonable," "legally frivolous," and "filed for the improper purpose to harass and cause delay or needless increase in the costs of litigation." Appellees' Appendix of the Record, Ex. 34, ECF No. 9. These conclusions were not illogical, implausible, or unsupported by the record as provided to this Court. *See In re Cuevas*, 738 F. App'x 418, 421 (9th Cir. 2018). Appellant's arguments regarding the circumstances surrounding the Partnership's termination and reinstatement revisit claims previously addressed in other fora. Thus, the Court dismisses the appeal for failure to furnish an adequate record under Federal Rule of Appellate Procedure 10(b)(2), and to the extent the record permits review, finds there is sufficient evidence to affirm the Bankruptcy Court's Sanctions Order.

### III.

### CONCLUSION AND ORDER

For the reasons discussed, Appellant's appeal of the Bankruptcy Court's Sanctions Order is DENIED. Appellant's request to strike pages twenty-six through thirty-seven of Appellees' Answering Brief for exceeding the page limit specified in Civil Local Rule 7.1(h) is also respectfully DENIED. The Court excused the Appellant's delinquent filings of both his opening brief and lengthy exhibits, as well as Appellant's failure to provide a table of contents accompanying his exhibits as required by Civil Local Rule 5.1(e). Therefore, the Court also excuses the length of Appellees' Answering Brief. Appellees'

request for damages and single or double costs on appeal is also respectfully DENIED. Appellant and Appellees are instructed to bear their own costs on appeal.

**IT IS SO ORDERED**.

Dated: March 15, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court